REPEIf TO THE PETITION EOK A BE-HEAKING, El
R. WICKLIFFE, ESQ.
The counsel of the appellant has examined the petition of the appellee, arid the opinion delivered by the court, and begs leave to suggest, that the petition seems in its character and object, to importune a revision of the opinion,.upon the ground of a sup *555 gosed misstatement of immaterial facts, rather than upon the plea that substantial érror is perceivable in the decree, or of injustice upon the merits.
For. suppose the fact to be as stated in the petition, still, the seller shews no title. He does not prove his papers or any one of them to be executed* and none of them are duly recorded, and surely it cannot be material vvhat estate J; F. Mercer had* unless it is shewn that John F. Mercer has conveyed. But it is conceived that the petition proceeds upon an utter mistake.
It is possible that the court might, by construction, consider J F. Mercer residuary legatee by the first will, and as such, as trustee by devise of Alexander Dick’s will; but take the whole of the will, and even in this state of the case'lbe construction would he a forced one. 1st. Because in creating the'trust, Dick uses no wards of perpetuity aud the whole will shews that it was his intention to make the trust estate terminate with the life of Mercer. 2dly. It is most obvious, that Mercer considered himself on his first will, intestate as to the trust estate, and that he had neither devised it to his children nor to his executors, and to remedy this, he added the first codicil, in which he devised the trust estate to his executors. As this is the last will, it is not necessary to discuss the question, what estate John F. Mercer took in the first devise. If the trust estate was not devised, then the whole argu* merit of the petition falls. If it were devised, them the codicil revoked the residuary devise pro tanto* by devising the trust to the executors. This last will shews that he could never intend, that John who was then an infant, and whom he had refused the use of his share, and the management of his estate, until he w'as twenty-four years of age, should execute the trust under Dick’s will, and the authorities shew? that on the trustees’ refusal, the specific devise of the trust, must devolve upon the heirs-
The pretence for presuming title, or time, has been met by the court — in the absence of title papers they can be presumed to be correct, but the defendant shows his hand, and his papers on their faca, are defective/
April 11 o.
Ifvendor has not the legal title he contracted to convey "whatever may be his equity, vendee may rescind.
In hard cases on vendor, vendee may be compelled to accept the title, ifit be exhibited on the hearing, though obtained after it was to have been conveyed.-Ana even where the title is sti'l held by another, the vendee rnav fee compelfed tone opt it, provided such holder is before the sour:, and the title as contracted for, can be secured.— But the purchaser can ne ver be compelled to accept any e* qaity.
On consideration, the court overruled the motion,- and to that effect — -
Judge Owseey delivered the additional Opinion of the Conrtv
The petition of the counsel of the appellee for a re-hearing of this case has had the attention of the court, and the opinion formerly delivered, has been re-examined, and the result thereof approved.
The. only point about which any doubt is entertained, relates to the equitable right which by that opinion was decided not to be perfect in tlie appellee; brat, after the most mature consideration, we are fully satisfied that the legal title is not shewn to be in him, and without the- legal title, whatever may he his equity, it is perfectly clear that the appellee is unable to. perform his part of the contract. The appellant contracted for the legal title, had a right to insist upon having such a title, and cannot be compelled by a court of equity to accept of a conveyance of the mere equity. The aid of the court may be had to enforce specifically, contracts fairly made, but it is not competent for the court to make new'contracts for the, parties, or a* er or change the stipulations of such as the parties have made.
The purchaser in cases of peculiar hardship on the seller, may be decreed to accept such a title as he contracted for, if on the hearing, the court discovers that the seller is able to make the title, though the title was obtained after the time which, by his undertaking it should have been conveyed; and it might not be improper under particular circumstances for the purchaser to be comp: lied to accept the title, even where, upon the hearing, the seller appears-not to have the. title, provided that the person holding the title is before the court, so as to enable the court to judge of the. goodness of the title, and to secure to the purchaser, such a title as he contracted for.
But the title which the purchaser will be decreed to accept, must always be such as he contracted for; and he should never under a contract for the legal title be compelled to take a conveyance of the equity only. Were we therefore to concede, that the ap-» *557 pellee is shewn to be invested with the equitable right to the laud, he would nevertheless, in consequence of the lack of the legal title, be unable to ful» fil his contract with the appellant; and being unable to make a good title, the appellant was at liberty to refuse, and it was incompetent for the court to com» pel him to accept a conveyance.
The petition is therefore overruled.